IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern District)

| | |
|---|---|
| STEVEN H. GREENFELD, ) <br> TRUSTEE FOR THE ) <br> BANKRUPTCY ESTATE OF ) <br> HEALTH MANAGEMENT ) <br> RESOURCES, INC., ) <br> 7910 Woodmont Avenue ) <br> Suite 760 ) <br> Bethesda, MD 20814, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WEINSTOCK, FRIEDMAN & ) <br> FRIEDMAN, P.A., ) <br> 4 Reservoir Circle ) <br> Baltimore, MD 21208, ) <br> ) <br> and ) <br> ) <br> PRE-PAID LEGAL SERVICES, INC., ) <br> One Pre-Paid Way ) <br> Ada, Oklahoma 74820, ) <br> ) <br> Defendants. ) <br> ) | Case No.:_____ <br><br> (Related Case No.: *In Re* Case No.: <br> 05-12871, in the United <br> Health Management Resources, Inc., debtor, <br> States Bankruptcy Court for the <br> District of Maryland-NVA) |

**ANSWER OF DEFENDANT WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.
TO THE PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12, the defendant, Weinstock, Friedman & Friedman, P.A. ("the Weinstock defendant"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, answers the Complaint filed by the plaintiff, Steven H. Greenfeld, Trustee for the Bankruptcy Estate of Health Management Resources, Inc.,

and states as follows:

## FIRST DEFENSE

The Weinstock defendant avers that any and all allegations not affirmatively admitted herein are denied. Answering the enumerated paragraphs of the complaint, the Weinstock defendant states as follows:

1. In answer to paragraph 1, the Weinstock defendant admits that the plaintiff is Steven H. Greenfeld in his capacity as trustee for the Bankruptcy Estate of Health Management Resources, Inc. ("HMR"). The Weinstock defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within that paragraph, but understood when it represented HMR that HMR was a Maryland Corporation which had its corporate headquarters in Prince George's County.

2. In answer to paragraph 2, the Weinstock defendant admits it is a law firm with its principal office located at 4 Reservoir Circle in Baltimore, Maryland.

3. In answer to paragraph 3, the Weinstock defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the defendant, Pre-Paid Legal Services, Inc., with the exception that the Weinstock defendant admits that it understands that the address alleged to be the address for the defendant, Pre-Paid Legal Services, Inc., is its address.

4. In answer to paragraph 4, the Weinstock defendant is not required to respond to the allegations within paragraph 4 since such allegations are legal contentions.

5. In answer to paragraph 5, the Weinstock defendant denies the plaintiff's claims of professional misconduct, negligence, fraud, and egregious mishandling of HMR's legal affairs;

admits that it represented HMR in the United States Bankruptcy Court for the District of Maryland; and admits that it does business in the State of Maryland. As to the remainder of paragraph 5, the Weinstock defendant is without knowledge or information sufficient to form a belief as to the truth of all of the allegations regarding the defendant, Pre-Paid Legal Services, Inc., and denies that it was doing business in Prince George's County or that venue would have been proper in the Circuit Court for Prince George's County since its principal business location is Baltimore, Maryland.

6. In answer to paragraph 6, the Weinstock defendant is without knowledge or information sufficient to form a belief as to the truth of all of the allegations regarding the sale and marketing of its services to its members, including HMR's former chief executive officer, but understands that the defendant, Pre-Paid Legal Services, Inc., makes a reasoned and informed selection of the firms that it hires, including the Weinstock defendant. As to the remainder of paragraph 6, the Weinstock denies that its contact with HMR was facilitated exclusively by the defendant, Pre-Paid Legal Services, Inc.

7. In answer to paragraph 7, the Weinstock defendant admits that it does inform the public via its website of the statements made in paragraph 7.

8. In answer to paragraph 8, the Weinstock defendant admits that HMR was a member of the defendant, Pre-Paid Legal Services, Inc., that HMR became a client of it through its relationship as a provider for the defendant, Pre-Paid Legal Services, Inc., and that associates of the Weinstock defendant, Bruce L. Richardson and Leonard Tober, Esquire, provided legal services to HMR in connection with its need to resolve issues with its creditors.

9. In answer to paragraph 9, the Weinstock defendant admits that HMR employed it

3

to assist it with its creditors and its business issues related to its debt and admits that HMR, based in part upon legal advice of the Weinstock defendant, made the informed decision to file for bankruptcy protection because it was insolvent. The remaining allegations contained in paragraph 9 set forth legal contentions that require no response from the Weinstock defendant.

10.  In answer to paragraph 10, the Weinstock defendant admits that it ultimately learned in February of 2005 that its associate, Bruce L. Richardson, had misrepresented that a bankruptcy case for reorganization had been filed and that Mr. Richardson had fabricated orders purportedly from the Bankruptcy Court. The Weinstock defendant denies the remaining allegations of paragraph 10.

11.  In answer to paragraph 11, the Weinstock defendant admits that it learned that the actions of Mr. Richardson were the subject of an investigation by the U.S. Department of Justice and the F.B.I. in February of 2005.

12.  In answer to paragraph 12, the Weinstock defendant denies that it "negligently, recklessly, carelessly and intentionally" failed to disclosed to HMR the actions of Mr. Richardson or that it made every effort to obscure and conceal from HMR the actions of Mr. Richardson or the significance of Mr. Richardson's conduct to HMR. Rather, the Weinstock defendant contends that it made full disclosures to HMR about Mr. Richardsons' conduct. After discussions with HMR, the Weinstock defendant admits that HMR requested that it agree to continue its representation of HMR, which it did, and the Weinstock defendant admits that it then filed a Chapter 11 petition for HMR on February 9, 2005. The Weinstock defendant denies the remaining allegations of paragraph 12.

13.  In answer to paragraph 13, the Weinstock defendant denies the allegations of that

paragraph, except that it admits that it did provide HMR with advice concerning the conversion of the Chapter 11 proceedings to Chapter 7.

14. In answer to paragraph 14, the Weinstock defendant admits that it sent reports to the defendant, Pre-Paid Legal Services, Inc., but is without knowledge or information sufficient to form a belief as to the truth of all of the allegations regarding the actions of the defendant, Pre-Paid Legal Services, Inc., regarding its representation of HMR.

15. In answer to paragraph 15, the Weinstock defendant adopts and incorporates by reference its answers and responses to the allegations made in paragraphs 1 through 14.

16. In answer to paragraph 16, the Weinstock defendant admits that it owed HMR to act with the degree of care and skill that reasonably competent attorneys acting in similar circumstances would use but denies the remaining legal contentions of paragraph 16.

17. In answer to paragraph 17, the Weinstock defendant denies the allegations of that paragraph.

18. In answer to paragraph 18, the Weinstock defendant denies the allegations of paragraph 18.

19. In answer to paragraph 19, the Weinstock defendant denies the allegations of paragraph 19.

20. In answer to paragraph 20, the Weinstock defendant denies that it acted without HMR's informed authorization and consent and further denies the remaining allegations of paragraph 20.

21. In answer to paragraph 21, the Weinstock defendant denies that any of its actions were causally related to HMR's liquidation and demands strict proof of that allegation and the

allegation that HMR could have remained in business under a plan of reorganization.

22. In answer to paragraph 22, the Weinstock defendant denies that any of its actions were causally related to HMR's abandonment of its business operations and demands strict proof of that allegation.

23. In answer to paragraph 23, the Weinstock defendant admits that it sent reports to the defendant, Pre-Paid Legal Services, Inc., but is without knowledge or information sufficient to form a belief as to the truth of all of the allegations regarding the actions of the defendant, Pre-Paid Legal Services, Inc., regarding its representation of HMR or its representation of other members.

24. In answer to paragraph 24, the Weinstock defendant denies the allegations of paragraph 24.

25. In answer to paragraph 25, the Weinstock defendant denies the allegations of paragraph 25.

26. In answer to paragraph 26, the Weinstock defendant denies the allegations of paragraph 26.

27. In answer to paragraph 27, the Weinstock defendant denies the allegations of paragraph 27.

28. In answer to paragraph 28, the Weinstock defendant denies the allegations of paragraph 28.

29. In answer to paragraph 29, the Weinstock defendant denies the allegations of paragraph 29.

30. In answer to paragraph 30, the Weinstock defendant adopts and incorporates by

reference its answers and responses to the allegations made in paragraphs 1 through 29.

31. In answer to paragraph 31, the Weinstock defendant denies the allegations of paragraph 31 and, as to the claim that HMR has suffered damages causally related to any actions of the Weinstock defendant, the Weinstock defendant denies same and demands strict proof thereof.

32. In answer to paragraph 32, the Weinstock defendant adopts and incorporates by reference its answers and responses to the allegations made in paragraphs 1 through 31.

33. In answer to paragraph 33, the Weinstock defendant denies that it acted in its self-interest rather than the interests of HMR during the course of its representation of HMR. As to the legal theories alleged, the Weinstock defendant is not required to respond to those legal contentions but denies that it breached any duties, fiduciary or otherwise, to HMR.

34. In answer to paragraph 34, the Weinstock defendant denies the allegations of paragraph 34.

35. In answer to paragraph 35, the Weinstock defendant denies the allegations of paragraph 35.

36. In answer to paragraph 36, the Weinstock defendant denies the allegations of paragraph 36.

37. In answer to paragraph 37, the Weinstock defendant denies the allegations of paragraph 37 and, as to the claim that HMR has suffered damages causally related to any actions of the Weinstock defendant, the Weinstock defendant denies same and demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the plaintiff against the Weinstock defendant.

## THIRD DEFENSE

The Weinstock defendant denies that it committed any acts of fraud or that it breached any fiduciary duties owed to HMR. The Weinstock defendant denies that any of the actions taken by Bruce L. Richardson were authorized by it or within the scope of his then employment.

## FOURTH DEFENSE

The Weinstock defendant denies that it was negligent and avers that it acted with the degree of care and skill that reasonably competent attorneys acting in similar circumstances would use and that it breached no duties owed to the HMR.

## FIFTH DEFENSE

The Weinstock defendant alleges that the injuries, losses, and damages, if any, claimed by the plaintiff were caused HMR's business failures and debts and that the liquidation of HMR was inevitable.

## SIXTH DEFENSE

The Complaint is barred by the doctrine of judgmental immunity and by the doctrine of impossibility.

## SEVENTH DEFENSE

The Weinstock defendants alleges cumulatively, or in the alternative, that Complaint is barred by the Statute of Frauds and the Parol Evidence Rule.

## EIGHTH DEFENSE

The Weinstock defendant alleges cumulatively, or in the alternative, that the Complaint is barred by the doctrines of res judicata, estoppel, collateral estoppel, judicial estoppel, waiver, merger, and ratification.

## NINTH DEFENSE

These Weinstock defendant contends that the Complaint is barred by the Bankruptcy discharge obtained by HMR.

## TENTH DEFENSE

The Weinstock defendants allege that there has been a failure by the debtor and the plaintiff to mitigate any of its alleged damages.

## ELEVENTH DEFENSE

The Weinstock defendant alleges cumulatively, or in the alternative, that Complaint is barred by the plaintiff's failure to join necessary and indispensable parties to this action.

## TWELFTH DEFENSE

The Weinstock defendant contends that the plaintiff's claims for punitive damages are limited by law and barred by the absence of actual malice on the part of it.

WHEREFORE, having fully answered the Complaint against them, the defendant, Weinstock, Friedman & Friedman, P.A., requests that the Complaint be dismissed and that costs

be awarded in its favor.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.

By: /s/ Deborah Murrell Whelihan
Deborah Murrell Whelihan, #05149
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C. 20036
(202) 296-4747

Attorneys for Defendant Weinstock,
Friedman & Friedman, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer was mailed, postage prepaid, this <u>1st</u> day of December, 2006, to:

>Adam M. Freiman, Esquire
>Sirody, Freiman & Feldman, P.C.
>1777 Reisterstown Road
>Suite 360
>Baltimore, MD 21208,
>Attorneys for the Plaintiff;
>
>A. Dwight Pettit, Esquire
>Mitchell D. Treger, Esquire
>A. Dwight Pettit, P.A.
>3606 Liberty Heights Avenue
>Baltimore, MD 21205,
>Attorneys for the Plaintiff; and
>
>Bruce L. Marcus, Esquire
>Joseph A. Compofelice, Jr., Esquire
>Marcus & Bonsib
>6411 Ivy Lane
>Suite 116
>Greenbelt, MD 20770,
>Attorneys for Defendant Pre-Paid Legal
>  Services, Inc.

/s/ Deborah Murrell Whelihan
Deborah Murrell Whelihan