IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| STEVEN H. GREENFELD, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CIVIL NO.: L-06-3241 |
| | * | |
| WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., ET AL., | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |

*************************************************************************

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT PRE-PAID LEGAL SERVICES INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

Plaintiff, STEVEN H. GREENFELD, Trustee for the Bankruptcy Estate of Health Management Resources, Inc., by and through his attorneys, Adam M. Freiman, A. Dwight Pettit, Mitchell D. Treger and Law Offices of A. Dwight Pettit, P.A., hereby sets forth this Memorandum in Opposition to Defendant Pre-Paid Legal Services, Inc.'s ("PPLS") Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment and in support respectfully states as follows:

## I. INTRODUCTION

As detailed below, Defendant PPLS's Motion to Dismiss or for Summary Judgment is moot. Furthermore, as detailed below, PPLS has not submitted any evidence that Health Management Resources Inc. ("HMR") ever agreed to arbitrate disputes with PPLS. The undated letter attached as Exhibit A to PPLS's Motion, which is executed only by "Harland C. Stonecipher, Chairman of the Board" and not by any representative of HMR, is not enforceable. Additionally, with respect to arbitration, the letter is ambiguous and conflicting

and, in fact, expressly contemplates circumstances where PPLS subscribers and PPLS may initiate and participate in lawsuits against each other.

## II.  STATEMENT OF FACTS

The facts set forth in PPLS's Motion, with a statement of whether those facts are disputed or not, are each addressed in items (a) thru (f) below.  Additional facts are also set forth below.

(a) Plaintiff does not dispute that PPLS is in the business of marketing and selling Pre-Paid Legal Services.

(b) Plaintiff does not dispute that, in May, 2004, HMR became a subscriber and paying member of PPLS.  However, Plaintiff does dispute whether PPLS's Exhibit A, an undated letter signed by "Harland C. Stonecipher, Chairman of the Board," evidences a binding arbitration agreement between HMR and PPLS.

(c) Plaintiff does not dispute that HMR was assigned by PPLS to Defendant Weinstock, Friedman & Friedman, P.A. ("WFF"), one of PPLS's providers.

(d) Plaintiff does not dispute the factual statements by PPLS to the extent that they simply reiterate Paragraphs 4, 6, 8-9 and 15-29 of Plaintiff's original Complaint.  Plaintiff does note, however, that HMR is not the Plaintiff in this case.

(e) For legal reasons discussed below, in consideration of Plaintiff's pending Motion for Leave to Amend filed on December 21, 2006 and the Breach of Contract claim against PPLS contained therein, Plaintiff disputes PPLS's assertion that there is only one general cause of action against PPLS and Plaintiff maintains that PPLS's first argument is moot.

(f) For legal reasons discussed below, Plaintiff disputes the existence of an agreement to arbitrate.

(g) It is undisputed that no signature appears on behalf of HMR on the document that PPLS alleges evidences a binding agreement to arbitrate. (See Exhibit A to Def. PPLS's Motion to Dismiss or alternatively for Summary Judgment).

(h) It is undisputed that the document exhibited by PPLS is undated and signed only by "Harland C. Stonecipher, Chairman of the Board."

(i) To the best of undersigned counsel's belief, HMR's executive director may have signed an application with PPLS that made no mention of mandatory arbitration of disputes. See Affidavit of Adam M. Freiman attached hereto as Exhibit A. At this time, undersigned counsel, who represent the Bankruptcy Trustee, have not been able to locate the application and require discovery to obtain a copy of the application. Id.

(j) It is undisputed that the document submitted by PPLS contains the following express provision regarding PPLS members at the top of Page 5 of 6:

> Any person or entity who initiates or participates in a lawsuit against Pre-Paid Legal Services, Inc. or any of its subsidiaries, or who is named as a defendant or respondent in a lawsuit initiated by Pre-Paid Legal Services, Inc., or any of its subsidiaries, shall be specifically excluded from receiving coverage under any Benefit of this Contract during the pendency of such lawsuit or until its resolution.

(k) It is undisputed that the document submitted by PPLS contains the following express provision regarding contracts with PPLS provider firms at Page 6 of 6:

> All services rendered on a reduced fee basis under any Benefit of this Contract may, at the discretion of the Provider Attorney, be subject to the terms of an attorney/client contract to be executed prior to the commencement of such services by the designated spokesperson with authority to legally bind the Covered Business Entity.

## III.  AGRUMENT

**A.  Plaintiff's Motion for Leave to Amend Complaint should be decided before PPLS's Motion to Dismiss or for Summary Judgment**

As a procedural matter, the Court should consider Plaintiff's Motion for Leave to Amend prior to considering PPLS's Motion to Dismiss or for Summary Judgment. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (reversing District Court for plain error where the Court first granted Defendant's Motion to Dismiss and thereafter denied Plaintiff's Motion to Amend as moot).

Notably, Plaintiff filed his Motion for Leave to Amend on December 21, 2006, 14 days prior to the time Defendant PPLS filed its Motion to Dismiss or for Summary Judgment. Defendant PPLS knew of Plaintiff's additional breach of contract claim before filing its Motion but, nonetheless, failed in its Motion to address the proposed amendment.  Notably, to date, neither of the Defendants has filed a response or opposition to Plaintiff's Motion for Leave to Amend.

**B.  Plaintiff's Motion for Leave to Amend should be granted as to Defendant PPLS because PPLS has not filed a responsive pleading and because Plaintiff filed his Motion to Amend within the time period during which he was permitted to amend against PPLS as a matter of right.**

Under Rule 15(a) of the Fed.R.Civ.P., "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…."  A Motion to Dismiss or for Summary Judgment is not a "responsive pleading" for purposes of Rule 15(a). Domino Sugar v. Sugar Workers Local, 10 F.3d 1064, 1070, f.n. 1 (4th Cir. 1993).  Rule 15(a)

has a liberal amendment of complaint policy. Foman vs. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227 (1962).

With respect to cases involving multiple Defendants where only one defendant has filed a responsive pleading,

> [t]he rule is, however, that "[w]here some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants, …" 3 Moore's Federal Practice ¶ 15.07[2] at 15-53 (2d ed. 1982). "[I]f the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a 'responsive pleading' has not been served for purposes of Rule 15(a) and plaintiff may amend his complaint as of course with regard to those defendants that have not answered." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1481 (1971).

Barksdale v. King, 699 F.2d 744 (5th Cir. 1983). Furthermore, "[w]hen a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant that petition." Vernell v. U.S. Postal Service, 819 F.2d 108, 110 (5th Cir. 1987); Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

In this case, the Plaintiff could have amended its Complaint against PPLS as a matter of right because there was no responsive pleading filed by PPLS. However, Plaintiff filed a Motion for Leave to Amend because Plaintiff's Amended Complaint also contained amendments as to Defendant WFF who had filed a responsive pleading i.e. an Answer. In view of the above cited case-law, where Defendant PPLS has not filed a responsive pleading, where Plaintiff sought to amend his Complaint within the time period permitted as a matter of right under Rule 15(a), and where Plaintiff petitioned the Court notwithstanding his right to amend, the Court should grant Plaintiff's Motion for Leave to Amend.

**C.     PPLS's Motion to Dismiss or for Summary Judgment is moot as to "Argument a" for failure to state a claim upon which relief can be granted.**

"[U]nder Rule 15(a) when an amended complaint is filed it supersedes the original complaint. Thus, the pending motion to dismiss the original complaint…will be dismissed as moot." Myers v. Gaddis, No. 4:CV-05-2234, p. 4 (M.D.Pa. 2006); See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) citing Chlorine of Delaware, Inc. v. Sinibaldi, 821 F.Supp. 232, 239-40 (D.Del. 1992). Accordingly, in view of Plaintiff's Argument Section B, *supra*, Plaintiff maintains that Defendant PPLS's Motion is moot with respect to PPLS's "Argument a."

**D.     The alleged agreement to arbitrate is not binding or enforceable.**

Under Maryland law, a non-signatory to an alleged agreement to arbitrate cannot be bound thereby. Curtis G. Testerman Co. v. Buck, 340 Md. 569, 667 A.2d 649 (1995). Arbitration must be consensual and only consenting parties are bound to an agreement to arbitrate. Id at 579; See also McCreary v. Liberty National Life, 6 F.Supp. 920, 920-21 (N.D.Miss. 1998) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346 (1985) for the proposition that, "before arbitration can be compelled, the court must first determine whether the parties actually agreed to arbitrate their dispute.")

"An arbitration agreement cannot impose obligations on persons who…do not agree to its terms." Buck, 340 Md. at 579; Hartford v. Scarlett Harbor, 346 Md. 122, 131-32, 695 A.2d 153 (1997). In order to render enforceable any arbitration clause, the Annotated Code of Md., Cts. & Jud. Proc. Art., § 3-206(a) specifically requires that, as an initial matter, there be a "written agreement" or "a provision in a written contract" to submit claims and controversies to arbitration. Additionally, in order for an arbitration agreement to have any binding force, under principles of contract law, there must be a mutuality of obligation between the

contracting parties. Cheek v. Healthcare, 378 Md. 139, 153-54, 835 A.2d 656 (2003) (holding that defendant's employment of plaintiff was insufficient to establish consideration for agreement to arbitrate).

There is no proof in this case that HMR actually agreed to arbitrate any claims against Defendant PPLS. As set forth in the Statement of Facts, *supra*, no signature appears on behalf of HMR on the document that PPLS alleges is a binding agreement to arbitrate. (See Exhibit A to Def. PPLS's Motion to Dismiss or alternatively for Summary Judgment). Rather, the document exhibited by PPLS and alleged to be an agreement to arbitrate is undated and signed only by "Harland C. Stonecipher, Chairman of the Board." Id. These facts alone warrant a summary denial of Defendant's request to have this case dismissed and the matter compelled to arbitration.

Moreover, the alleged agreement to arbitrate is ambiguous and contains conflicting provisions. The document submitted by PPLS contains the following provision at the top of Page 5 of 6:

> Any person or entity who initiates or participates in a lawsuit against Pre-Paid Legal Services, Inc. or any of its subsidiaries, or who is named as a defendant or respondent in a lawsuit initiated by Pre-Paid Legal Services, Inc., or any of its subsidiaries, shall be specifically excluded from receiving coverage under any Benefit of this Contract during the pendency of such lawsuit or until its resolution.

The above-quoted language from Defendant's Exhibit A shows that, notwithstanding the alleged agreement to arbitrate, PPLS expressly contemplates that lawsuits may be filed by PPLS against PPLS members or vice versa.

While there is no Maryland case law directly on point as to these issues involving PPLS, the highest Court in at least one State has had the opportunity to review a similar arrangement that included a letter from Chairman Harland C. Stonecipher. In the case of Pre-

Paid Legal Services, Inc. v. Battle, 873 So.2d 79, 82-84 (Miss. 2004), cert. denied 543 U.S. 958, 125 St.Ct. 409 (2004), the Supreme Court of Mississippi, relying in large part on U.S. Supreme Court precedent, found that a letter of "agreement" signed only by Chairman Harland C. Stonecipher along with an application signed by the claimant did not present the Court with a showing that the parties agreed to arbitrate any disputes. Id at 84. In addition to finding that there was no agreement to arbitrate, the Battle Court specifically noted that "the purported arbitration provision is contradicted because the contract also contemplates a lawsuit being filed by either National or the plaintiffs." Id.

Notably, the Supreme Court of Mississippi's holding in the Battle case, as to which PPLS petitioned for and was denied a writ of certiorari by the U.S. Supreme Court, has been consistently followed in the State Courts of Mississippi. See e.g. Pre-Paid Legal Services, Inc. v. Anderson, 918 So.2d 634 (Miss. 2005); Pre-Paid Legal Services, Inc. v. Mealey, 875 So.2d 1075 (Miss. 2004); Pre-Paid Legal Services, Inc. v. Brownlow, 874 So.2d 972 (Miss. 2004).

In view of all of the aforementioned, Plaintiff maintains that Defendant has failed to submit sufficient evidence of HMR's agreement to arbitrate claims by or against PPLS.

**E.      Further discovery is necessary in this case.**

Under Fed.R.Civ.P 56(f), in cases where Summary Judgment is sought,

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

To the extent that the Court finds that Plaintiff has not presented sworn facts essential to justify the Plaintiff's opposition in this case, undersigned counsel notes his good faith belief that HMR's executive director may have executed an application with PPLS but that, in view of <u>Pre-Paid Legal Services, Inc. v. Battle</u>, 873 So.2d 79, 82-84 (Miss. 2004), cert. denied 543 U.S. 958, 125 St.Ct. 409 (2004) and its progeny, he believes that the application makes no mention of mandatory arbitration of disputes. See Affidavit of Adam M. Freiman attached hereto as <u>Exhibit A</u>. At this time, undersigned counsel, who represent the Bankruptcy Trustee and not the defunct corporation, have not been able to locate the application and require discovery to obtain a copy of the application. <u>Id</u>.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant Pre-Paid Legal Services, Inc.'s Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment.

Respectfully submitted,

Date:   January 12, 2007

/s/_____
Adam M. Freiman
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, Maryland 21208
(410) 415-0445


_____/s/_____
A. Dwight Pettit
Mitchell D. Treger
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue

                                                    Baltimore, Maryland  21215
                                                    (410) 542-5400

                                                    Attorneys for the Plaintiff

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY, that on this 12th day of January, 2007, that a copy of the aforegoing Memorandum in Opposition to Defendant Pre-Paid Legal Services, Inc.'s Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment and supporting Exhibits, Request for a Hearing and Proposed Order were served either via electronic mail and/or mailed, postage prepaid, to:

Deborah M. Whelihan, Esquire
Jordan, Coyne & Savits, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C., 20036
Attorneys for Defendant Weinstock, Friedman & Friedman, P.A.; and

Bruce L. Marcus, Esquire
Joseph A. Compofelice, Jr., Esquire
Marcus & Bonsib
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
Attorneys for Defendant Pre-paid Legal Services, Inc.

                                                                                _____/s/_____
                                                                                  Adam M. Freiman